# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD VOTTO, | : | |
| Plaintiff, | : | CASE NO.: |
| v. | : | |
| | : | |
| AMANO MCGANN, INC., | : | |
| Defendant. | : | |

## NOTICE OF REMOVAL

Defendant Amano McGann, Inc. ("Defendant") gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the District of Connecticut. As grounds for removal, Defendant states as follows:

## BACKGROUND

1.  On March 5, 2018, Defendant was served with a copy of the Summons and Complaint in an action titled *Ronald Votto v. Amano McGann, Inc.* (the "Action"). The Action was filed in the Superior Court of the Jurisdiction of Middlesex at Middletown, Connecticut, State of Connecticut, on March 12, 2018 (MMX-CV-18-6020365-S). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2.  Plaintiff claims in the Action that Defendant failed to pay certain commissions allegedly owed to him in alleged breach of a contract he had with Defendant and contrary to Connecticut General Statutes Sections 31-71a, *et seq.*

## COMPLETE DIVERSITY

3.  This case is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that Defendant may remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is diverse in citizenship from Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Plaintiff is the sole identified plaintiff this action.  Upon information and belief, Plaintiff was a citizen and resident of the State of Connecticut at the time of the commencement of this action and is currently a citizen and resident of the State of Connecticut.  (*See* Exh. A, ¶ 1.)

5.      Defendant is the sole identified defendant in this action.  At the time of the commencement of this action, and continuing to the present, Defendant was a Delaware corporation, with a principle place of business in Roseville, Minnesota.  (*See* Exh. A, ¶ 2.)

6.      Plaintiff is, therefore, diverse in citizenship from Defendant so as to vest removal jurisdiction in this Court.

## AMOUNT IN CONTROVERSY

7.      This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  *See* 28 U.S.C. § 1332(a).  Pursuant to Connecticut law, Plaintiff's Complaint demanded an amount greater than fifteen thousand dollars.  *See* CONN. GEN. STAT. § 52-91 ("When money damages are sought in the demand for relief, the demand for relief ***shall*** set forth…That the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs.") (emphasis added).   In light of this Connecticut requirement precluding demands for a specific sum, this Action is removable if Defendant can present evidence showing that the amount in controversy exceeds $75,000, exclusive of costs and interest.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii) and (B).  Such is the case here.  Plaintiff alleges in the Complaint that he has incurred damages for unpaid commissions in excess of the requisite amount in controversy and requests, among other things, statutory penalties for double the amount of wages owed to him, as well as reasonable attorneys' fees.  Furthermore, in a letter dated March 20, 2017 (the "Demand Letter"), Plaintiff's counsel asserted that "the total outstanding commissions due approximate $85,000," meaning that, when the penalties Plaintiffs claims are

added, the damages sought easily exceed $75,000.  A true and correct copy of the Demand Letter is attached hereto as **Exhibit B.**  This Court has held that a demand letter alleging damages in excess of $75,000 can establish the amount in controversy necessary for this Court to exercise removal jurisdiction.  *See Charity v. Am. Airlines, Inc.*, No. 3:08-cv-1532, 2008 WL 4874076, at *1 (D. Conn. Nov. 10, 2008).  Therefore, based on Plaintiff's Demand Letter and the statutory prohibition against demands for a specific sum in Connecticut state court actions, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii); CONN. GEN. STAT. § 52-91.

## REMOVAL PROCEDURES

8.      Removal of this Action is timely pursuant to 28 U.S.C. § 1446(b) because fewer than thirty (30) days have elapsed since Plaintiff first served Defendant with the Complaint on March 5, 2018.

9.      Defendant's Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the District of Connecticut embraces the county in which this Action is currently pending.

10.      Concurrent with the filing of this Notice of Removal, Defendant has notified the Superior Court of the Jurisdiction of Middlesex of the removal of this action.  No other process, pleadings, or orders have been served or filed in this action.

11.      True and correct copies of this Notice (with accompanying exhibits) and the Notice of Removal in state court are contemporaneously being served upon Plaintiff's counsel and filed with the Clerk of the Superior Court of the Jurisdiction of Middlesex, in accordance with 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Removal filed in state court is attached hereto as **Exhibit C**.

12.    No later than seven (7) days after the filing of this Notice of Removal, Defendant will file and serve a signed statement that sets forth the following information pursuant to this Court's Standing Order on Removed Cases (Amended March 19, 2018): the date on which Defendant first received a copy of the summons and complaint, that Defendant is not a citizen of the state of Connecticut, and the name and firm name of all counsel of record.

**WHEREFORE**, Defendant Amano McGann, Inc. respectfully requests that all further proceedings in this Action, previously pending in the Connecticut Superior Court for the Judicial District of Middlesex at Middletown be removed to this United States District Court for the District of Connecticut.  Should any question arise as to the propriety of this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument.

Respectfully submitted,

*/s/ Joseph E. Gasser*
James O. Craven (ct18790)
Joseph E. Gasser (ct30299)
WIGGIN & DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: 203-498-4400
F: 203-782-2889
jcraven@wiggin.com
jgasser@wiggin.com

Jeremy D. Sosna, (MN #290233)
(*to be admitted pro hac vice*)
Justin P. Rose, (MN #0399390)
(*to be admitted pro hac vice*)
MASLON LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
T: 612-672-8200

4

Jeremy.sosna@maslon.com
Justin.rose@maslon.com

**ATTORNEYS FOR DEFENDANT
AMANO MCGANN, INC.**

## CERTIFICATION

This is to certify that on this date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  It was served by mail on the plaintiff as follows:

> Jay F. Huntington
> Regnier, Taylor, Curran & Eddy
> 100 Pearl St., 4th Floor
> Hartford, CT 06103

> _/s/ Joseph E. Gasser_
> Joseph E. Gasser (ct30299)
> WIGGIN & DANA LLP
> One Century Tower
> 265 Church Street
> P.O. Box 1832
> New Haven, CT 06508-1832
> T: 203-498-4400
> F: 203-782-2889
> jgasser@wiggin.com